UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-24494-CIV-COOKE/GOODMAN

AVENTURA ISLES MASTER
HOMEOWNER'S ASSOCIATION INC,

    Plaintiff,

v.

ELDER LUJAN,

    Defendant.
_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S RENEWED MOTION FOR SANCTIONS

Plaintiff Aventura Isles Master Homeowner's Associations Inc. ("Aventura Isles") filed a renewed motion for Rule 11 sanctions against Defendant Elder Lujan and/or his attorney. [ECF No. 33]. Lujan filed a response in opposition [ECF No. 41], and Aventura Isles filed a reply [ECF No. 43].[1] United States District Judge Marcia G. Cooke referred

---

[1] Additionally, the parties each submitted a memorandum of law on the issue of whether the Court has jurisdiction to rule on Plaintiff's renewed motion for sanctions, given that this Court remanded the case to state court *before* the renewed motion for sanctions was filed. [ECF Nos. 44-46]. The Undersigned agrees with Aventura Isles that the Court does have jurisdiction to decide this collateral matter, which does not relate to the merits of the case. *See Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) (internal citation omitted) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. . . . An imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process. . ."); *see also Hyde v. Irish*, 962 F.3d

the motion to the Undersigned. [ECF No. 36]. As explained below, the Undersigned **respectfully recommends** that Judge Cooke **deny** Aventura Isles' motion for sanctions.

I. Background

    a. Related Earlier-Filed Federal Case

On June 28, 2018, Lujan filed a complaint against Samuel R. Danzinger as Trustee of the IPI Land Trust 2017-4, The IPI Land Trust 2017, Aventura Isle Master Homeowners Association, Inc., Brad Schandler, and Brough, Chadrow & Levine, P.A. arising from events occurring in a Florida state court foreclosure proceeding. ECF No. 1, *Lujan v. Danzinger*, 18-cv-22617-RNS. Specifically, Lujan alleged the following:

> On June 16, 2014, Lujan, a citizen and permanent resident of Peru, (Compl. at ¶¶ 3, 30), purchased a warranty deed in the Subject Property, which he intended to use as a vacation home. (Id. at ¶ 11.) The purchase price was approximately $300,000 and Lujan paid in cash without financing. (Id.) Lujan owed AIMHA, the homeowners association for the Subject Property, $3,111.42 in maintenance assessments for quarters beginning in April and September 2016. (Id. at ¶ 13.) On September 26, 2016, AIMHA filed a Claim of Lien against the Subject Property in the Miami-Dade County Public Records. (Id.)
>
> A month and a half later, on November 11, 2016, AIMHA and its attorney, BCL, filed a foreclosure complaint in Miami-Dade County Court seeking satisfaction of its Claim of Lien (the "State Case," case no. 16-019170 CC (23)(03)). (Id. at ¶ 10, 14.) Lujan was not personally served in the State Case, (ECF No. 1-8), but nonetheless contacted AIMHA after filing to determine the amount he owed for maintenance assessment, interest and late charges on the Subject Property. (Id. at ¶ 15.) AIMHA misrepresented and omitted a number of facts during that conversation relating to the amount owed and

---

1306, 1309 (11th Cir. 2020) ("The Supreme Court has told us that sanctions under Federal Rule of Civil Procedure 11 are a 'collateral' issue and thus a court may decide a Rule 11 sanctions motion even if it lacks jurisdiction over the underlying case.").

> the existence of the State Case. (Id. ("[AIMHA] misrepresented to Lujan that his account was in collection status instead of in actual litigation" in the State Case).) In reliance on that conversation, Lujan remitted a check for $6,542.35 on February 14, 2017, which AIMHA accepted and cashed, thereby satisfying the Claim of Lien. (Id. at ¶ 16; ECF No. 1-4.) AIMHA, however, did not dismiss the State Case.
>
> Instead, the next day, on February 15, 2017, AIMHA filed a Notice of Action in the State Case, which sought to serve Lujan by publication and represented that Lujan's location could not be determined. (Compl. at ¶ 17; ECF No. 1-5.) The notice made no mention of AIMHA's prior conversation with Lujan or Lujan's satisfaction of the Claim of Lien, and warned that his failure to respond would result in the entry of default judgment. (ECF No. 1-5.) . . .
>
> The state court then entered final judgment for AIMHA and scheduled a judicial foreclosure sale for the Subject Property for August 4, 2017. (Compl. at ¶ 20.) . . . A private sale of the Subject Property was then ordered for October 20, 2017 at the Subject Property, and not on the county's online portal, as originally scheduled. (Id.)
>
> Danziger was the sole bidder at the sale and purchased the Subject Property for $100. (Id. at ¶ 23.) That purchase price did not cover the amount claimed to be owed under the Claim of Lien or amended final judgment, and Lujan alleges that the fair market value of the Subject Property exceeds $400,000. (Id.) . . . Later, in November 2017, Danziger obtained a writ of possession divesting Lujan of certain personal property and assets in the Subject Property. (Id. at ¶ 25.) . . .

*Id.* at ECF No. 35, pp. 1-3.

Lujan asserted "a variety of state law property and tort claims seeking reclamation of the Subject Property and damages." *Id.* at ECF No. 35, p. 1. The defendants in that case moved to dismiss the action, arguing that the complaint failed to alleged diversity of parties and that the Court should dismiss the case under the *Rooker-Feldman* doctrine and *Colorado River* abstention doctrine. *Id.* The defendants also sought sanctions under Florida

Statute § 57.105. *Id.* Judge Scola denied the request for sanctions, dismissed some counts but rejected the defendants' request to dismiss the remaining counts, and stayed the case pending final resolution of the state case, including Lujan's motion to vacate the final judgment of foreclosure. *Id.* at p. 7. At that point, Lujan could resume prosecution of his claims before Judge Scola. *Id.*

On September 18, 2019, Lujan filed a status report with the Court and advised the Court that the final judgment of foreclosure was vacated by the state court. *Id.* at ECF No. 40. The case before Judge Scola was subsequently re-opened. However, on October 28, 2019, Judge Scola again stayed the case because the state court foreclosure proceeding had not concluded. *Id.* at ECF No. 48. As discussed further below, on October 30, 2019, Lujan removed the state foreclosure action, which is the current case. [ECF No. 1]. Subsequently, Lujan moved to consolidate the current case with the stayed case before Judge Scola. *Lujan v. Danzinger*, 18-cv-22617-RNS, ECF No. 49. Judge Scola denied the motion to consolidate without prejudice and with leave to refile until the pending motions to remand and dismiss were decided. *Id.* at ECF No. 58.

  b. Current Case

On October 30, 2019, Lujan removed the foreclosure action from the County Court for the Eleventh Judicial Circuit Court in and for Miami-Dade County. [ECF No. 1]. Aventura Isles then filed a motion for remand and request for attorney's fees under 28 U.S.C. § 1447(c). [ECF No. 7]. Aventura Isles also filed a motion to dismiss the complaint

4

and/or for more definite statement. [ECF No. 15].

Aventura Isles later filed a motion for Rule 11 sanctions against Defendant Elder Lujan [ECF No. 16], which was referred to the Undersigned [ECF No. 8, p. 3]. The Undersigned issued a Report and Recommendations, finding that the sanctions motion, which argued that the case was subject to remand and/or dismissal, was premature, and recommended that the motion be denied without prejudice with leave to re-file after the Court decided the motion to remand and/or motion to dismiss. [ECF No. 27]. Judge Cooke adopted the Report and Recommendations and denied the motion for sanctions, and providing Plaintiff leave to re-file the motion after the Court issued a decision on the pending motions. [ECF No. 29].

Subsequently, Judge Cooke entered an Order Remanding Case, stating the following:

> Here, Defendant's naked assertion that the amount in controversy exceeds $75,000 lacks merit. Defendant's notice of removal states that "the instant case or controversy involves a claim for damages that exceeds the amount of $75,000.00, exclusive of attorney's fees, interest and costs." ECF No. 1 at ¶4. However, the notice is devoid of any factual support for this assertion. Defendant referred the Court to an attached exhibit that appears to be a homeowner's association record, but the Court is not persuaded that this document supports the conclusion that the amount in controversy requirement is met. ECF No. 11.
>
> Moreover, Plaintiff brought this action in a Florida County Court on October 7, 2019. Under the applicable Florida rules, matters filed in a Florida County Court "on or before December 31, 2019" may not exceed "the sum of $15,000." Fla. Stat. § 34.01(1)(a)(1). Therefore, the record before the Court supports the conclusion that the amount in controversy in this case is less than the $75,000 statutory requirement, and Defendant has not

> proffered any factual support to suggest otherwise.
>
> Accordingly, it is hereby **ORDERED and ADJUDGED** that this action is **REMANDED** to Florida state court. All pending motions, including Defendant's Motion to Dismiss, are **DENIED** *as moot*. Plaintiff's request for attorney's fees is **DENIED**. The Clerk shall **CLOSE** this case.

[ECF No. 31, pp. 1-2].

After the order remanding the case was entered, Aventura Isles filed a renewed motion for Rule 11 sanctions. [ECF No. 33]. Aventura Isles argues that Lujan's notice of removal was defective because the amount in controversy for diversity of citizenship jurisdiction was not met, it was not clear that Lujan's unknown spouse was a diverse party, and removal was not made within one year and was made after "significant litigation" had occurred in the state court case. *Id.* at p. 5. Thus, because "[m]any elementary unsophisticated factual requirements for removal did *not* exist at the time of the filing of the Notice; and, by such fact, the filing of the Notice is deemed axiomatically flawed or in bad faith." [ECF No. 33, p. 9]. And, the notice, "compounded by the filing of the [earlier-filed case before Judge Scola], evidence bad faith by Lujan or his counsel" and a sanctions award should be entered against Lujan or his counsel or both. *Id.* at pp. 8-9.

Lujan filed an untimely response in opposition, stating that Aventura Isles lacks legal standing to seek sanctions from the Court and that Aventura Isles' renewed sanctions motion is "confusing, if not perhaps frivolous." [ECF No. 41, p. 5]. Lujan argues that the amount in controversy is more than $75,000 because the subject property at issue is valued at more than $75,000. Further, Lujan argues that he and his wife are citizens of

6

the Republic of Peru and thus there is complete diversity of citizenship.

Further, Lujan states that "Defendants' purpose and intention in seeking removal of the instant state court case was to consolidate it with Defendants' case pending before The Honorable Robert Scola, Jr." *Id.* at p. 7. Lujan also points out that Judge Scola did not grant Aventura Isles' motion to dismiss and motion to impose sanctions against Lujan under Florida Statute Sec. 57.105 in the earlier-filed case and thus sanctions should not be imposed here. *Id.*

II.     **Applicable Legal Standards and Analysis**

"It is obvious that any party who files any paper in a federal court should assess his exposure to Rule 11 sanctions [including] when a removal notice is about to be filed." *Hajdasz v. Magic Burgers, LLC*, No. 618CV1755ORL22KRS, 2018 WL 7436133, at *3 (M.D. Fla. Dec. 10, 2018). Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Burgos v. Option One Mortg. Corp.*, 786 F. App'x 231, 233 (11th Cir. 2019) (citing *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996)). And, "[t]he goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (internal citation omitted).

Additionally, under 28 U.S.C. § 1447(c), a removing party may face fees and costs incurred as a result of the case being remanded back to state court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Aventura Isles previously moved for attorney's fees under § 1447(c) in its motion to remand [ECF No. 7], and Judge Cooke denied the request for fees [ECF No. 31, p. 2]. Now, Aventura Isles renews its motion for Rule 11 sanctions. [ECF No. 33]. Aventura Isles argues that Lujan's earlier-filed case before Judge Scola and the remand support the conclusion that the removal was frivolous and that Rule 11 sanctions should be imposed against Lujan and/or his counsel, James Gerald Jean-Francois. Aventura Isles' renewed motion for sanctions is almost identical to its motion to remand and does not include any case law in support of the argument that Rule 11 sanctions are justified here. [ECF Nos. 7; 33].

The Undersigned agrees that Lujan's tardy removal from state court could be grounds for Rule 11 sanctions. *See Hajdasz v. Magic Burgers, LLC*, 805 F. App'x 884, 890 (11th Cir. 2020) (affirming district court's imposition of Rule 11 sanctions for removal

8

after one-year deadline). However, it does not appear that Lujan's notice of removal was completely frivolous or done for an improper purpose. Lujan removed the case immediately after the final judgment of foreclosure in the state court case was vacated. It appears that Lujan's counsel believed that Judge Scola would then hear the case because the final judgment of foreclosure was vacated. Judge Scola ultimately decided to abstain until the case was concluded and denied Lujan's request to consolidate with this current case. Additionally, Lujan's arguments relating to the amount in controversy and diversity of citizenship do not appear to have been made frivolously and with improper purpose, even though Judge Cooke determined that the notice did not include adequate factual support. *See* ECF No. 31, pp. 1-2.

Further, Judge Cooke decided against awarding attorney's fees under § 1447(c) when the case was remanded. That statute does not require bad faith for an award. *See, e.g., Hajdasz*, 2018 WL 7436133, at *3 ("[T[he risk of having to pay attorney's fees under § 1447(c) is, and should be, substantially greater than the risk of being hit with a Rule 11 sanction."); *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004) ("While it is clear that plaintiffs need not prove bad faith removal under 28 U.S.C. § 1447(c) to be awarded attorney's fees, there is no indication that a trial court should ordinarily grant an award of attorneys' fees whenever an effort to remove fails."); *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1295 (M.D. Fla. 2003) (internal citation omitted) ("[A] showing of bad faith is not necessary as a predicate to the award of attorney's fees

under 28 U.S.C. § 1447(c)."). Therefore, Judge Cooke denied an award under a statute which provides a *lower* hurdle for a fees award then Rule 11. If Judge Cooke denied an award requested under a statute where it is easier to obtain fees and costs, then it seems that a Rule 11 award, which carries a more-stringent burden, would similarly be rejected.

Thus, the Undersigned does not find that Lujan's removal here rises to the level of sanctionable conduct under Rule 11. *See Burgos v. Option One Mortg. Corp.*, 786 F. App'x 231, 233 (11th Cir. 2019) (affirming district court's order denying motion for Rule 11 sanctions where district court found removal was not frivolous or done in bad faith).

However, this Report and Recommendations should not give Lujan and his counsel grounds to celebrate. To the contrary, the Undersigned warns Lujan and his attorney that future missteps relating to removal to federal court may not be viewed with similar flexibility and compassion. Therefore, Lujan and his attorney, James Gerald Jean-Francois, may find themselves facing attorney's fees under § 1447(c) or Rule 11 if they fail to strictly follow the Federal Rules of Civil Procedure and removal statutes.[2]

### III. Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that Judge Cooke **deny** Aventura Isle's renewed motion for sanctions.

---

[2] The Undersigned need not discuss Lujan's allegation that Aventura Isles is not the proper named party and does not have standing due to various assignments. This is not necessary to determine whether Lujan and his attorney's conduct should be sanctioned under Rule 11. Instead, it appears to relate to the underlying issues before the state court.

### IV. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Marcia G. Cooke. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on December 4, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record